THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Harold Jamar
 Wilson, Appellant.
 
 
 
 
 

Appeal From Sumter County
Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2009-UP-588
 Submitted December 1, 2009  Filed
December 14, 2009    

AFFIRMED

 
 
 
 Acting Chief Appellate Attorney Robert M.
 Dudek, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, Assistant Deputy Attorney General Donald J. Zelenka all of Columbia;
 and Solicitor C. Kelly Jackson, of Sumter, for Respondent.
 
 
 

PER CURIAM: Harold Jamar Wilson was convicted of murder, assault
 and battery with intent to kill (ABIK), attempted armed robbery, and possession
 of a firearm during the commission of a violent crime.  The trial court
 sentenced Wilson to life on the murder charge and imposed a consecutive
 sentence of twenty years for ABIK, twenty years for armed robbery to run
 consecutive to the murder charge and concurrent to the ABIK charge, and five years
 on the firearm possession charge to run consecutive to the other three charges.  Wilson appeals, contending the trial
 court erred in allowing his juvenile record to be published to the jury without
 first receiving an order from the family court judge to obtain the record.  
We affirm pursuant to Rule 220(b), SCACR and the following authorities:  S.C. Code Ann. § 20-7-8515(D)
 (Supp. 2004) (Law enforcement information or records of children created
 pursuant to the provisions of this article may be shared among . . .
 solicitors offices . . . for criminal justice purposes without a court
 order.) (emphasis added); S.C. Code Ann. § 20-7-8510(G) (Supp. 2004) (The
 department or the South Carolina Law Enforcement Division, or both, must
 provide to . . . a solicitor . . . upon request, a copy of a child offense
 history for criminal justice purposes.  This information must not be
 disseminated except as authorized in Section 20-7-8515.);  S.C. Code Ann. §
 20-7-8510(H) (Other information retained by the department may be provided to .
 . . a solicitor . . . pursuant to an ongoing criminal investigation or
 prosecution.); and Rule 609(d), SCRE, (Evidence of a juvenile adjudication is
 admissible under this rule if conviction of the crime would be admissible to
 attack the credibility of an adult.).[1]
AFFIRMED.
HUFF and
 GEATHERS, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.